FILED: 3/10/2023 4:59 PM
David Trantham
Denton County District Clerk
By: Guadalupe Avelino, Deputy

CAUSE NO. 23-2114-442 _____

| | | |
|---|---|---|
| ZACKARY REYNOLDS | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | JUDICIAL DISTRICT |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| | § | |
| *Defendant.* | § | DENTON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Plaintiff, ZACKARY REYNOLDS (hereinafter referred to as "Plaintiff"), to file this Plaintiff's Original Petition complaining of Defendant, WAL-MART STORES TEXAS, LLC (hereinafter referred to as "Defendant"), and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff requests that discovery be governed by Discovery Plan Level 2.

### CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief over $1,000,000.00.

### PARTIES

3. Plaintiff, ZACKARY REYNOLDS, is an individual who resided in Denton County, Texas at the time of the events which form the basis of this lawsuit.

4. Defendant, Wal-Mart Stores Texas, LLC, is domestic limited liability company (LLC) organized under the laws of the State of Texas. It may be served with process by serving its registered agent for service of process, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201 or wherever it may be found.

***CITATION FOR SERVICE NOW REQUESTED ***

## JURISDICTION AND VENUE

5. This Court has jurisdiction in this cause because the damages to Plaintiff are within the jurisdictional limits of this Court.

6. Venue in Denton County, Texas is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

7. On or about Sunday, July 10, 2022, Plaintiff was working at Defendant's Walmart Store, located at 1035 Hickory Creek Blvd., Hickory Creek, Texas 75065 (the "Store"). While walking out of the storage room for the shopping carts, the steel roller door for the area hazardously malfunctioned or otherwise became dangerous and fell on Plaintiff.

8. As a result of the accident, Plaintiff suffered severe injuries which caused him to seek and continue to seek medical damages.

## PREMISES LIABILITY

9. Defendant, at all times material herein was and is the owner, possessor, manager, maintainer and otherwise in possession of the 1035 Hickory Creek Blvd., Hickory Creek, Texas 75065 (the "Store"), including the steel roller door for the cart area hazardously malfunctioned or otherwise became dangerous located within and was so on July 10, 2022 before, and during these times Defendant had the requisite right of control, by way of actual, legal and/or retained control, over the Premises including the steel roller door for the cart area hazardously malfunctioned or otherwise became dangerous that resulted in Plaintiff's injury.

10. Alternatively, Plaintiff's presence at the Store and engagement with the steel roller door for the cart area hazardously malfunctioned or otherwise became dangerous was in furtherance of the mutual benefit and business of Defendant.

11. The steel roller door for the area hazardously malfunctioned or otherwise became dangerous that was located at the Store posed an unreasonable risk of harm, in that it constituted a hazardous condition of which Defendant was aware and should have been aware. Alternatively, Plaintiff alleges that Defendant's control of the steel roller door for the cart area hazardously malfunctioned or otherwise became dangerous, amounts to concurrent negligence.

12. Paragraphs 7, 8, 9, 10 and 11 are incorporated herein, Defendant had a duty to use ordinary care to ensure that the Store, including the steel roller door for the cart area hazardously malfunctioned or otherwise became dangerous which severely injured Plaintiff, did not present a danger to Plaintiff. This duty included the duty to inspect, and the duty to warn or to cure the dangerous condition or make such safe, which the Defendant failed to do.

13. Defendant failed to use ordinary care by:

  a. Failing to place regularly inspect the steel roller door for the cart area according to applicable industry standards;

  b. Failed to install or have present warnings regarding the danger the steel roller door posed due to its malfunctioning;

  c. By allowing the steel roller door for the cart area to become a hazardous condition;

  d. By allowing the steel roller door for the cart area to not be properly maintained in adequate condition so that it did not pose an injury threat to Plaintiff;

    e. Defendant failed to inspect the steel roller door for the cart area and/or to ensure that its agents, representative and contractors kept the steel roller door in safe condition;

    f. Defendant failed to warn invitees, licensees and specifically Plaintiff of the steel roller door for the cart area that hazardously malfunctioned or otherwise became dangerous, alternatively, any such purported attempt to warn, if any, by Defendant was inadequate as the nature of and reason(s) the danger wasn't conveyed;

    g. Defendant failed to have and to implement written procedures for operation and interaction with the steel roller door for the cart area that hazardously malfunctioned or otherwise became dangerous so as to warn its invitees/licensees or to eliminate/remove any risk from such a condition;

    h. Alternatively, negligently hired, supervised, and retained its employees and contractors who may have been responsible for maintaining and/or placing the steel roller door for the cart area.

14. Defendant's acts, omissions and negligence constituted a failure to act as a reasonably prudent person under the same or similar circumstances and such negligence proximately caused Plaintiff's injuries and damages.

## NEGLIGENT UNDERTAKING

15. Further, Defendant undertook, gratuitously or for consideration, to render services to Plaintiff, which Defendant should have recognized as necessary for the protection of Plaintiff's person or things, under the Restatement (Second) of Torts §323.

16. Defendant failed to exercise reasonable care to perform this undertaking, by not properly maintaining its Premises and doors therein, regularly inspecting its Premises and doors, and

creating and enforcing policies to ensure that the doors within were in good working condition so they did not hazardously malfunction or other become dangerous to invitee or licensees, thus increasing Plaintiff's risk of harm. Restatement (Second) of Tort §323.

17. Further Plaintiff relied upon Defendant's undertaking in a manner that exercised reasonable care, failure of which, resulted in Plaintiff suffering physical harm, under the Restatement (Second) of Torts §323. See *Colonial Sav. Assoc. v. Taylor*, 544 S.W.2d 116, 119 (Tex. 1976).

## DAMAGES

18. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff incurred the following damages for which Plaintiff seeks monetary relief:

   (a) Reasonable and necessary medical care and expenses from July 10, 2022, into the future. These expenses were incurred by Plaintiff for the necessary care and treatment of Plaintiff's injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services in Denton County, Texas;

   (b) Physical pain and suffering from July 10, 2022, into the future;

   (c) Physical impairment from July 10, 2022, into the future;

   (d) Loss of enjoyment of life from July 10, 2022, into the future;

   (e) Lost wages from July 10, 2022, into the future;

   (f) Loss of earning capacity from July 10, 2022, into the future;

   (g) Physical disfigurement from July 10, 2022, into the future; and

   (h) Mental anguish from July 10, 2022, into the future.

## RULE 193.7 NOTICE

19. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to each Defendant that any and all documents produced may be used against the Defendant producing the document at any pretrial proceeding and/or at the trial of this matter

without the necessity of authenticating the documents.

## MISNOMER/ALTER EGO

20.     In the event any parties were misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that any "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## X. PRAYER

Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

HOLLINGSWORTH LAW FIRM, PLLC

By: _____
Steven R. Hollingsworth
TX Bar No.: 24041115
steveh@hollingsworthlawfirm.com
Chelsea E. Murfree
TX Bar No.: 24107873
Chelsea@hollingsworthlawfirm.com
1415 North Loop West, Suite 200

6

                                            Houston, Texas 77008
                                            Telephone: 713-637-4560
                                            Fax: 713-474-9017

                                            **ATTORNEYS FOR PLAINTIFF**